UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FADIL YACOUBOU, et al.,

                              Plaintiff,

            -against-                                    24-cv-357 (LAK) (RFT)

TEX-Q EXPRESS INC. et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____          │
│ DATE FILED: 09/03/25                 │
└─────────────────────────────────────┘
```

### MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

            This action arises out of a motor vehicle accident involving plaintiff Fadil Yacoubou

and a truck driven by defendant John Doe and owned by defendant Tex-Q Express Inc. ("Tex-Q").

Tex-Q moved for summary judgment on the ground that plaintiff did not sustain a serious injury

within the meaning of New York Insurance Law § 5102(d).[1] In a thorough report and

recommendation ("R&R"),[2] Magistrate Judge Robin Tarnofsky recommended that the Court grant

the motion for summary judgment and dismiss without prejudice the claims against John Doe.

            The Court has reviewed the R&R and the parties' submissions with care. It is firmly

of the view that the R&R's conclusions are correct in all material respects.

            Yacoubou argues that the R&R overlooked that an injury resulting in "[s]ignificant

---

[1]     Dkt 31.

[2]     Dkt 42.

limitation of use of a body function or system" is a serious injury.[3]  Not so.  The R&R correctly concluded that (1) Tex-Q "made a prima facie showing that Yacoubou's injuries did not cause . . . significant limitation of use,"[4] and (2) Yacoubou failed to rebut this prima facie showing.[5]

Next, Yacoubou argues that there is a genuine issue of material fact as to whether his injury resulted in a significant limitation of use of a bodily function.  Defendant's independent medical expert ("IME") found that Yacoubou had a normal range of motion in all body parts, except for a 17 percent decrease in range of motion in thoraco-lumbar spine flexion.[6]  The R&R concluded that this decrease does not satisfy the significant limitation standard under New York law.[7]  In support, the R&R cited *Cooper v. Dunn*,[8] in which the court held that an 18 percent decrease in lumbar spine range of motion and a 10 to 20 percent limitation in range of motion in the back were legally insignificant.[9]

Yacoubou argues that *Cooper* is distinguishable because the experts there disagreed about the extent of the plaintiff's injuries.  But that distinction is irrelevant — the court held that, accepting the plaintiff's experts findings as true, they did not show that the plaintiff suffered a

---

[3]
N.Y. Ins. Law § 5102(d).

[4]
Dkt 42 at 15.

[5]
*Id.* at 21–23.

[6]
*Id.* at 16.

[7]
*Id.* at 23.

[8]
99-CV-6903 (ILG), 2001 WL 138864 (E.D.N.Y. Jan. 2, 2001).

[9]
Id. at *5–7.

3

serious injury. Moreover, *Cooper* cites several New York state court cases holding that a partial restriction of motion is not significant as a matter of law.[10] Yacoubou does not cite any authority to the contrary.

Finally, Yacoubou argues that he has established causation of his injuries. This argument rehashes that made before the magistrate that was rejected in the R&R.[11] In any event, even if Yacoubou had established a genuine issue of material fact as to causation, his claims still would fail because he did not suffer a serious injury.

Accordingly, the Court adopts the magistrate's report and recommendation (Dkt 42) in full. Defendant Tex-Q Express Inc.'s motion for summary judgment (Dkt 31) is granted and the claims against John Doe are dismissed without prejudice. The clerk shall close the case.

SO ORDERED.

Dated:          September 3, 2025

_____
Lewis A. Kaplan
United States District Judge

---

[10] *Id.* at *6 (citing cases); *see, e.g., Waldman v. Chang*, 573 N.Y.S.2d 79 (2d Dep't 1991) (holding as a matter of law that plaintiff's 15% limitation in range of motion of cervical spine and back was not significant).

[11] Dkt 42 at 25–27.